UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                          :
                                                :
    DREIER LLP,                            :          Chapter 11
                                                :
                              Debtor.     :          Case No. 08-15051 (SMB)
------------------------------------------------------------X
SHEILA M. GOWAN, Chapter 11 Trustee              :
  for the Estate of Dreier LLP,                 :
                                                :
                        Plaintiff,   :
         —against—                       :          Adv. Pro. No.: 10-5456 (SMB)
                                                :
HSBC MORTGAGE CORPORATION (USA),                 :
*et al.*                                        :
                                                :
                      Defendants.   :
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER
DENYING MOTION TO DISMISS AND
EXTENDING TIME TO SERVE PROCESS**

**A P P E A R A N C E S:**

DIAMOND McCARTHY LLP
Attorneys for Plaintiff
620 Eighth Avenue, 39th Floor
New York, NY 10018

      Howard D. Ressler, Esq.
      Stephen T. Loden, Esq.
          Of Counsel

RICHARD L. KORAL, ESQ.
Attorney for Defendant NY Landmark
  Construction Management Corp.
180 Ridgefield Avenue
South Salem, NY 10590

**STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE:**

1

The plaintiff commenced this adversary proceeding on December 15, 2010 to recover alleged fraudulent transfers relating to the purchase and renovation of an apartment in Manhattan. She encountered difficulties serving one of the defendants, the NY Landmark Construction Management Corp. ("Landmark"). Landmark has now moved to dismiss the complaint pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure.[1] In response, the plaintiff argues that the Court should wave the defective service of process, or extend the time to make service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. As explained below, Landmark's motion is denied and the plaintiff is granted an additional 30 days from the date of this order to make service on Landmark.

**BACKGROUND**

The plaintiff's efforts to serve Landmark are detailed in the *Affidavit of Tasia Pavalis*, sworn to June 9, 2011 (ECF Doc. # 37). Ms. Pavalis is a Senior Paralegal employed by Diamond McCarthy LLP, the law firm that represents the plaintiff, and together with another paralegal, Jaime McDonald, was charged with the task of serving Landmark.

The debtor's books and records reflected, *inter alia,* a payment of $773,714 to "NY Landmark Construction Corp." When asked to search for a service address in that name, Ms. Pavalis examined the New York State Department of State Corporations, State Records & UCC website, and located a Corporation with a similar name, "NY Landmark General Construction Corp," at 91-46 113th Street, Richmond Hill, NY 11418. She mailed the summons and complaint to that address on December 21, 2010, and got back a return receipt, signed December 22, 2010. However, three weeks later the plaintiff received a letter from "NY Landmark General

---

[1] The plaintiff has since amended her complaint, but the amendment of the complaint does not affect Landmark's motion or its disposition.

2

Construction Corp," stating that it had not performed any work on the apartment in question. The plaintiff obviously had the wrong Landmark.

As a result of this communication, Ms. Pavalis undertook an additional search to identify the correct defendant and service address. Her Google search revealed a "NY Landmark Construction Corp." specializing in New York City apartment renovations at 127 W. 24th St., New York, NY. On January 20, 2011, she sent the summons and complaint to that Landmark at that address, but apparently failed to direct it to the attention of an officer or a general or managing agent. Accordingly, on February 24, 2011, she re-served the summons and complaint to the attention of an "officer," and subsequently received a signed receipt.

For reasons that are not entirely clear, Ms. Pavalis concluded that this was also not the correct Landmark defendant. Plaintiff then hired Capital Services, Inc. to provide the correct name and address for Landmark. On April 7, 2011, Capital Services identified the defendant as "NY Landmark Construction Management Corp." located at 124 E. 40th St., New York, NY 10016, the address designated for service of process on the New York State Department of State Division of Corporations, State Records and UCC website.

A new summons was issued on April 14, 2011—the 120th day following the commencement of the adversary proceeding—and served that day. Because the summons did not include the word "Amended", a new summons was issued and served four days later on "NY Landmark Construction Management Corp." at 124 E. 40th St., New York, NY 10016. The two April mailings were subsequently returned by the United States Postal Service marked "undeliverable." It turns out that Landmark had moved from that address to 127 W. 24th

St.—the destination of the February summons and complaint—several years earlier, and the address appearing on the New York State website had never been corrected.

Landmark made this motion to dismiss one month later on May 13, 2011.

**DISCUSSION**

Landmark seeks to dismiss the complaint under Federal Civil Rule 12(b)(2) for lack of personal jurisdiction and Federal Civil Rule 12(b)(5) for insufficient service of process. The predicate for both branches of the motion is the plaintiff's failure to serve Landmark properly with the summons and complaint. The plaintiff attempted to serve Landmark under Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, which authorizes the service of process by first class mail upon a corporation by

> mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

The plaintiff must mail the process to the corporation's actual address, *compare* Fed. R. Bankr. P. 1010(a) (authorizing service by publication in conjunction with mailing to the party's "last known address"); 7004(c) (same); Rule 8004 (authorizing the clerk to mail the notice of appeal to an unrepresented party's "last known address"), within 14 days of the issuance of the summons, FED. R. BANKR. P. 7004(e), and address it to the attention of "an officer, a managing or general agent." If the plaintiff does not serve the summons within 14 days, she must obtain and serve a new summons. *Id.*

Courts disagree over whether the plaintiff must name an actual officer or agent in the address, *see Moglia v. Lowitz & Sons (In re Outboard Marine Corp.)*, 359 B.R. 893, 899 (Bankr. N.D. Ill. 2007) (collecting cases), but it should be unnecessary. The Rule does not expressly

4

require the plaintiff to name the officer, *Teitelbaum v. Equitable Handbag Co. (In re Outlet Dep't Stores, Inc.)*, 49 B.R. 536, 539 (Bankr. S.D.N.Y. 1985) (Brozman, J.), and the Advisory Committee on Bankruptcy Rules rejected a proposal to amend Rule 7003(b)(3) to impose the requirement, one member noting that it "would create more problems than it would solve." *Minutes of the Advisory Committee on Bankruptcy Rules Meeting of September 27–28, 1999*, 1999 WL 1845725, at *14. In addition, the requirement is intended to ensure that the summons and complaint expeditiously reaches the appropriate decision maker in the organization. *Cf.* FED. R. CIV. P. 4 (1993 advisory committee's note) (discussing request for waiver of service of process). Where the plaintiff complies with the letter of the Rule, an officer receives the summons and complaint and there is no prejudice, the service should be deemed sufficient. *Cf. Stapo Indus., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 125–26 (S.D.N.Y. 1999) (waiver request under FED. R. CIV. P. 4(d) addressed to the corporate defendant but not to the attention of an officer substantially complied with the Rule and justified the imposition of costs against the defendant for refusing to waive service). The plaintiff, in this regard, could have served Landmark by delivering the summons and complaint to any officer. FED. R. CIV. P. 4(h)(1)(B). If mailing it achieved the same effect, the defendant has no cause to complain.

The plaintiff nevertheless failed to serve Landmark properly for other reasons. The only time she addressed the summons and complaint to an "officer" at Landmark's actual address was in February 2011. By then, the summons was more than 14 days old, *i.e.,* "stale", and the service was insufficient. As a result, more than 120 days have now elapsed since the commencement of the action without effective service of process. Rule 4(m) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7004(a)(1), addresses the consequences of this failure and the options available to the Court:

5

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, Rule 4(m) directs me to dismiss this adversary proceeding without prejudice unless I extend the time for service. The extension *must* be granted if the plaintiff establishes "good cause." "Good cause" is generally found only in exceptional circumstances beyond the plaintiff's control, *U.S. Sec. & Exch. Comm'n v. Shehyn*, No. 04 Civ. 2003 (MBM), 2005 WL 2990643, at *2 (S.D.N.Y. Nov. 7, 2005); *Feingold v. Hankin,* 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003); *Eastern. Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999), and the decision involves the consideration of three factors: "(1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff has moved for an enlargement of time to effect service under Rule 6(b) of the Federal Rules of Civil Procedure." *Echevarria v. Dep't of Corr. Servs.,* 48 F. Supp.2d 388, 392 (S.D.N.Y.1999); *accord Coram Healthcare Corp. v. Cigna*, No. 00 Civ. 2677 (RMB), 2002 WL 32910044, at *8 (S.D.N.Y. July 24, 2002).

In the absence of "good cause," the extension *may* still be granted in the exercise of discretion. *See Zapata v. City of New York,* 502 F.3d 192, 196 (2d Cir. 2007). Four factors inform that decision:

> In exercising this discretion, the courts consider 1) whether the statute of limitations would bar a re-filed action, 2) whether the defendant had attempted to conceal the defect in service, 3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provision, and 4) whether the defendant had actual notice of the claims asserted in the complaint.

*Feingold,* 269 F. Supp. 2d at 277; *accord Orix Fin. Servs., Inc. v. 1st Choice Freight Sys., Inc.*, No. 03 Civ. 9296 (RMB), 2006 WL 2168332, at *4 (S.D.N.Y. July 31, 2006). These factors overlap with those pertaining to "good cause," and a court is not required to bifurcate or engage in a two-step inquiry. *Zapata*, 502 F.3d at 197. Furthermore, all of the factors do not have to point in the same direction. *See Coram Healthcare,* 2002 WL 32910044, at *9 (granting extension where although the statute of limitations had not run and the defendant had not attempted to conceal a defect in service, the defendant had actual knowledge of the action and would be prejudiced by untimely service).

Here, the record does not support a finding of "good cause." Although the plaintiff acted diligently, her inability to effect timely service was due to a series of missteps by her counsel, and an attorney's inadvertence or mistake rarely constitutes "good cause." *Feingold*, 269 F. Supp. 2d at 276. Counsel initially served the wrong Landmark. It then attempted to serve what appears to be the right Landmark, but first failed to address the summons and complaint to the attention of an "officer," and then compounded its error by re-serving a stale summons. In addition, counsel inexplicably concluded that it had served the wrong Landmark when, it appears, it had actually served the correct one. Furthermore, the plaintiff never sought additional time to make service under Federal Bankruptcy Rule 9006.

I nonetheless conclude that I should extend the time to complete service in the exercise of my discretion. As noted, the statute of limitations has run, and any dismissal will be with prejudice. Furthermore, Landmark had actual notice of the adversary proceeding within the 120 day, and made its motion within thirty days of its lapse. In fact, it received the summons and complaint during the 120 day period and the insufficiency of service was due to a technical defect resulting from the use of a stale summons. Finally, the delay is short and Landmark is not

prejudiced by the extension given the short delay.  The statute of limitations ran in December 2010 and the 120 day expired in mid-April 2011.  Landmark does not contend that any evidence was lost or rendered unavailable during the interim, or that it has suffered any prejudice beyond the need to defend the adversary proceeding.  Thus, while Landmark contends that it did not attempt to conceal the defects in the plaintiff's service (despite the fact that it did not raise the issue of the stale summons until just after the 120-day period had run), the balance of the factors favors the extension.

Accordingly, Landmark's motion to dismiss is denied, and the plaintiff is directed to serve Landmark within 30 days of the date of this order.

So ordered.

Dated: New York New York
July 22, 2011

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge