UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

In re:                                                      :
                                                            :        Chapter 11
            DREIER LLP,                                     :        Case No. 08-15051 (SMB)
                                                            :
                                       Debtor.              :

----------------------------------------------------------------X

SHEILA M. GOWAN, Chapter 11 Trustee of the                  :
Estate of DREIER LLP,                                       :
                                                            :
                                       Plaintiff,           :
                                                            :
            -- against --                                   :        Adv. Proc. No. 10-5456 (SMB)
                                                            :
HSBC MORTGAGE CORPORATION (USA),                            :
*et al.*                                                    :
                                                            :
                                                            :
                                                            :
                                       Defendants.          :

----------------------------------------------------------------X

**MEMORANDUM DECISION GRANTING
MOTION TO DISMISS CROSS-CLAIM**

**A P P E A R A N C E S:**

SILVERMANACAMPORA LLP
Attorneys for Defendants Ka Wing Yuen and Jeannie Yuen
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753

            Anthony C. Acampora, Esq.
            David J. Mahoney, Esq.
            Gayle S. Gerson, Esq.
                    Of Counsel

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Attorneys for Defendant PHH Mortgage Corporation
500 Fifth Avenue, 49th Floor
New York, New York 10110

            Anthony J. Sylvester, Esq.
            Jonathan P. Vuotto, Esq.
            Thomas P. Sheridan, Esq.
                    Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

Sheila M. Gowan, the chapter 11 trustee of Dreier LLP (the "Trustee") commenced this

adversary proceeding to avoid and recover certain transfers made by the debtor in connection

with the sale of an apartment by defendants Ka Wing Yuen and Jeannie Yuen to an affiliate of

Marc S. Dreier ("Marc"). One of the defendants, PHH Mortgage Corporation d/b/a Mortgage

Service Center ("PHH"), cross-claimed for contribution and/or indemnity against the Yuens.

The Yuens moved to dismiss the cross-claim, and their motion to dismiss is granted for the

reasons that follow.

## BACKGROUND

The facts are not in dispute. The Yuens owned a condominium apartment located at 151

East 58th Street in Manhattan (the "Apartment"). On or about March 16, 2005, they borrowed

$1 million from Merrill Lynch Credit Corporation ("MLCC"), (*Amended Answer, Affirmative*

*Defenses and Cross-Claims of Defendant PHH Mortgage Corporation*, dated Aug. 1, 2012

("*Cross-Claim*"), at ¶¶ 5-6,[1] Ex. A (the "Note") (ECF Doc. # 122)), and pledged the Apartment

as security for the loan. (*Id.* at ¶ 7, Ex. B (the "Mortgage").) PHH was responsible for servicing

MLCC's loan to the Yuens. (*Id.* at ¶ 9.)

On or about May 8, 2007, the Yuens entered into a contract (the "*Contract*") to sell the

Apartment to Marc.[2] (*Id.* at ¶ 10.) Marc subsequently assigned his interest in the *Contract* to his

---

[1]     The paragraph citations to the *Cross-Claim* refer to the numbered paragraphs beginning on page 8.

[2]     A copy of the *Contract* is annexed as Exhibit 2 to the *Affidavit of Wing Fong in Opposition to Motion to Strike Exhibits A, B, and D from the Motion to Dismiss Complaint as Against Douglas Elliman, LLC. d/b/a Prudential Douglas Elliman and in Further Support of the Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8 and 12 and Bankruptcy Rules 7008 and 7012*, sworn to July 14, 2011 (ECF Doc. # 49).

2

wholly-owned affiliate, MSD Beacon LLC ("MSD"). (*Id.* at ¶ 11). On or about July 24, 2007,

the Yuens, Marc and MSD closed on the sale of the Apartment. (*Id.* at ¶ 12.) After the closing,

PHH received a check in the amount of $1,017,390.72 as repayment of the Note, (*id.* at ¶ 13),

and PHH used that money to satisfy the Yuens' obligations to MLCC under the Note and

Mortgage. (*Id.* at ¶ 17.)

On December 15, 2010, the Trustee commenced this adversary proceeding against the

various parties, including the Yuens and PHH, that received transfers in connection with the sale

and renovation of the Apartment.[3] According to the Trustee, the source of those transfers was a

Dreier LLP bank account. (*First Amended Complaint*, dated June 17, 2011, at ¶ 19 (ECF Doc. #

41).) The Trustee contends that Dreier LLP did not receive any benefit from the transfers, the

transfers were fraudulent, and they should be avoided and recovered for the benefit of the Dreier

LLP estate. (*Id.* at ¶¶ 1, 20.) PHH filed the *Cross-Claim* asserting that because it used the

transfer it received to satisfy the Note and Mortgage to MLCC on behalf of the Yuens, the Yuens

should either indemnify or provide contribution to PHH for any sums recovered by the Trustee

from PHH. (*Cross-Claim* at ¶¶ 21, 27.) The Trustee eventually settled with the Yuens and

dismissed the claims asserted against them.

The Yuens have moved to dismiss PHH's cross-claims on two grounds. First, they argue

that this Court lacks subject matter jurisdiction over the issues of indemnification and

contribution between PHH and the Yuens. Second, even if jurisdiction exists, PHH does not

---

[3]    The other defendants included HSBC Mortgage Corporation (USA), Prudential Douglas Elliman, Corcoran
Group Eastside, Inc., First American Title Insurance Company, First American Title Agency, Inc., Michael
Braverman Design and NY Landmark Construction Corp.

have a contractual or common law right to indemnification or contribution.  PHH takes the

contrary view on both points.

## DISCUSSION

### A.      Subject Matter Jurisdiction

When considering a motion to dismiss for lack of subject matter jurisdiction under FED.

R. CIV. P. 12(b)(1), a court must accept the material factual allegations in the complaint as true,

but need not draw inferences favorable to the plaintiff.  *J.S. v. Attica Cent. Schs.*, 386 F.3d 107,

110 (2d Cir. 2004), *cert. denied*, 544 U.S. 968 (2005); *Shipping Fin. Servs. Corp. v. Drakos*, 140

F.3d 129, 131 (2d Cir. 1998).  A court may also consider materials outside of the pleadings to

resolve any jurisdictional disputes, but cannot rely on conclusory or hearsay evidence.  *J.S.*, 386

F.3d at 110; *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d

Cir. 2000).  The party asserting that the court has subject matter jurisdiction bears the burden of

proving it.  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); *Truong*

*v. Litman*, No. 06 Civ. 1431(SHS), 2006 WL 3408573, at *3 (S.D.N.Y. Nov. 22, 2006), *aff'd*,

312 Fed. Appx. 377 (2d Cir. 2009).  Where the court "relies solely on the pleadings and

supporting affidavits, the plaintiff need only make a *prima facie* showing of jurisdiction."

*Robinson*, 21 F.3d at 507; *accord CutCo. Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir.

1986).

Consideration of the bankruptcy court's subject matter jurisdiction begins with 28 U.S.C.

§ 1334.  Subsection (a) grants the district court exclusive jurisdiction over bankruptcy cases.

Subsection (b) grants the district court "original but not exclusive jurisdiction of all civil

proceedings arising under title 11, or arising in or related to cases under title 11."  The district

court may refer its bankruptcy jurisdiction to the bankruptcy court.  28 U.S.C. § 157(a).  The

United States District Court for the Southern District of New York has referred its bankruptcy

jurisdiction to this Court pursuant to its Amended Standing Order of Reference, 12 Misc. 00032

(S.D.N.Y. Jan. 31, 2012).

Proceedings that arise under title 11 or arise in a case under title 11 correspond to the

Court's "core" jurisdiction.  *See* 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and

determine . . . all core proceedings arising under title 11, or arising in a case under title 11 . . . .");

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987) ("[S]ection 157 apparently equates

core proceedings with the categories of 'arising under' and 'arising in' proceedings.").

Generally, a core proceeding is one that invokes a substantive right under title 11, or could only

arise in the context of a bankruptcy case.  *Binder v. Price Waterhouse & Co., LLP (In re Resorts*

*Int'l, Inc.)*, 372 F.3d 154, 162-63 (3d Cir. 2004); *Wood*, 825 F.2d at 96-97; *Liberty Mut. Ins. Co.*

*v. Lone Star Indus., Inc.*, 313 B.R. 9, 16 (D. Conn. 2004).

A proceeding is "related to" a case under title 11, and falls within its non-core

jurisdiction,[4] if the outcome might have a "conceivable effect" on the estate.  *Publicker Indus.*

*Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir. 1992); *see U.S.*

*Brass Corp. v. Travelers Ins. Group, Inc. (In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir.

2002); *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on*

*other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).  Thus, "[a]n action

is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or

freedom of action (either positively or negatively) and which in any way impacts upon the

handling and administration of the bankrupt estate."  *Pacor*, 743 F.2d at 994; *accord Beebe Int'l,*

---

[4]       "Related to" proceedings correspond to the Court's non-core jurisdiction.  *Resorts Int'l*, 372 F.3d at 162;
*see Wood*, 825 F.2d at 97.

*Inc. v. French Am. Banking Corp. (In re Wedtech Corp.)*, 72 B.R. 313, 315-16 (Bankr. S.D.N.Y.

1987).  Conversely, the bankruptcy court lacks "related to" jurisdiction over proceedings that

have no effect on the debtor's estate.  *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995).

PHH contends that the cross-claims may have a "conceivable effect" on the bankruptcy

case in two ways.  First, they may alter the identity of creditors, the amount of claims against the

estate and the amount of any recovery on behalf of the estate.  (*Defendant PHH Mortgage*

*Corporation's Memorandum of Law in Opposition to Defendants Ka Wing Yuen and Jeannie*

*Yuens' Motion to Dismiss PHH Mortgage Corporation's Amended Cross-Claims*, dated

Sept. 18, 2012, at 1, 6 (ECF Doc. # 125).)  Specifically,

> [I]f PHH prevails on its Cross-Claims, PHH would not be a creditor of the
> Debtor's estate, but the Yuens would have been. If PHH does not prevail on its
> Cross-Claims, PHH will be a creditor of the estate (and but for the settlement, the
> Yuens would have been, in a different amount).

(*Id.* at 6) (footnote omitted.)  Second, the cross-claims may enhance the prospects for settlement

because cross-claimants may be more willing to settle for a discount with a trustee and seek

indemnification if such claims are in the case.  (*Id.* at 6-7.)  Conversely, "[i]f such cross-claims

are not in the case, the parties may forego settlement discussions and put more effort into their

defense, resulting in greater costs to the estate and altering the amount of any recovery."  (*Id.* at

7.)

The Court concludes that it lacks "related to" jurisdiction over the cross-claims.  Beyond

a conclusory statement, PHH has not explained how the outcome of its cross-claims against the

Yuens will affect the identity of the creditors or the amount that the estate might recover or

distribute.  It speculates that if it prevails, the Yuens will become creditors of the estate, but if it

loses, it will be a creditor of the estate.  PHH does not cite any authority for this proposition, but

appears to be relying on 11 U.S.C. § 502(h), which provides:

6

> A claim arising from the recovery of property under section 522, 550, or 553 of
> this title shall be determined, and shall be allowed under subsection (a), (b), or (c)
> of this section, or disallowed under subsection (d) or (e) of this section, the same
> as if such claim had arisen before the date of the filing of the petition.

On its face, § 502(h) gives a pre-petition claim to a fraudulent transferee where the

trustee recovers the transfer under § 550. Section 502(h) is based on the principle of fraudulent

transfer law that the return of a fraudulent transfer restores the parties to the *status quo*. *In re*

*Best Prods. Co.*, 168 B.R. 35, 57-58 (Bankr. S.D.N.Y. 1994) (quoting 1 GERARD GLENN,

FRAUDULENT CONVEYANCES & PREFERENCES § 260a, at 446-47 (1940)). The rule of restoration

only applies, however, where the transferee gave consideration for the avoided transfer. In that

circumstance, the return of the transfer entitles the transferee to the return of the consideration it

paid, and the Bankruptcy Code gives the transferee an allowable unsecured claim in the amount

of that consideration. But if the transferee did not give any consideration for the fraudulent

transfer, there is nothing to reinstate, and the return of the fraudulently transferred funds does not

give rise to an allowable claim. *See id.* at 58; *see also* 4 ALAN RESNICK & HENRY J. SOMMER,

COLLIER ON BANKRUPTCY ¶ 502.09[2], at 502-72 (16th ed. 2012) ("The amount of the claim

allowable under this section [§ 502(h)] is not the value of the property recovered but rather the

value of the consideration paid by the transferee for the property recovered.") Otherwise, a thief

forced to return stolen property to the trustee would have a claim against the estate for the value

of what he stole.

PHH does not allege that it gave any consideration to Dreier LLP in exchange for the

payment that Dreier LLP made at the closing.[5] Because it gave no consideration to Dreier LLP,

---

[5]     PHH's Tenth Affirmative Defense alleges that the Trustee's claims are barred because Dreier LLP, as
Marc's *alter ego*, directly benefitted from the transfers alleged in the *Complaint*. The statement is conclusory,
unsupported by any factual allegations pertaining to the *alter ego* relationship.

the return of fraudulently transferred funds would not reinstate a valid claim, and if PHH filed

such a claim, it would be subject to disallowance under 11 U.S.C. § 502(b)(1) (disallowing

claims that are unenforceable under applicable law). *A fortiori*, the Yuens would not have a

claim against the estate for any sums paid to PHH in connection with its claim for contribution

and indemnity because the receipt of those payments by PHH would not constitute "the recovery

of property under section 522, 550, or 553" of the Bankruptcy Code.

The Court also rejects the argument that "related to" jurisdiction exists based on the

speculation that the Trustee or PHH will be more willing to settle their claims if the Court hears

the cross-claims. PHH's jurisdictional theory would authorize a bankruptcy court to exercise

jurisdiction over all manner of disputes between parties in a multi-party lawsuit, including those

having nothing to do with the debtor, if the centralization of disputes in a single forum would be

more likely to lead to a settlement. It comes as no surprise that PHH cites no supporting

authority for its jurisdictional theory. Beyond that, the Court's conclusion that it lacks

jurisdiction over the cross-claims does not make the cross-claims go away; it merely requires

PHH to litigate those claims in a different forum. Whatever settlement value the cross-claims

may have would not be affected by the Court's inability to hear them.

**B.      Supplemental Jurisdiction**

PHH next contends that even if the Court lacks "related to" jurisdiction over the cross-

claims, it has supplemental jurisdiction under 28 U.S.C. § 1367. Section 1367(a) provides in

pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided
> otherwise by Federal statute, in any civil action of which the district courts have
> original jurisdiction, the district courts shall have supplemental jurisdiction over
> all other claims that are so related to claims in the action within such original
> jurisdiction that they form part of the same case or controversy under Article III

of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Thus, where a district court has original jurisdiction over some claims in a civil action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy.  *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).    "There is a serious question whether the supplemental jurisdiction statute is applicable to the jurisdiction exercisable by bankruptcy judges."  16 DANIEL R. COQUILLETTE ET AL., MOORE'S FEDERAL PRACTICE § 106.05[10], at 106.34.2(1) (3rd ed. 2012) [hereinafter MOORE'S]; *compare Sasson v. Sokoloff*, 424 F.3d 864, 869 (9th Cir. 2005) ("[T]he bankruptcy court's 'related to' jurisdiction also includes the district court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 'over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'") (quoting 28 U.S.C. § 1367(a)), *cert. denied*, 547 U.S. 1206 (2006); *Klein v. Civale & Trovato, Inc. (In re Lionel Corp.)*, 29 F.3d 88, 92 (2d Cir. 1994) (stating that the bankruptcy court had jurisdiction over a dispute between third parties "under principles of supplemental jurisdiction") (citing 28 U.S.C. 1367); *McCarthy v. Radcliffe (In re Radcliffe)*, 317 B.R. 581, 590 (Bankr. D. Conn. 2004) ("[T]he Second Circuit Court of Appeals has interpreted 28 U.S.C. § 1367(a) to confer supplemental jurisdiction (sometimes referred to as pendent or ancillary jurisdiction) on the bankruptcy courts as well as the district courts."); *with Walker v. Cadle Co. (In re Walker),* 51 F.3d 562, 572 (5th Cir. 1995) ("Because there is no Congressional statute conferring upon the *bankruptcy courts* the power to exercise supplemental jurisdiction, we find no error in the district court's conclusion that the bankruptcy court did not have the power to [assert supplemental jurisdiction over claims]."); *Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, 353 B.R. 51, 61 (Bankr. S.D.N.Y. 2006) ("[T]he jurisdictional grant

9

in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, by implication, negates a bankruptcy court's

exercise of jurisdiction of a supplemental non-federal claim in instances where that claim has no

impact on the bankruptcy estate.").

The question of the Court's supplemental jurisdiction should turn on the scope of the

reference from the district court, bearing in mind that a bankruptcy court's jurisdiction "is

grounded in, and limited by, statute." *Celotex*, 514 U.S. at 307.  Title 28, section 1334, grants

the district courts "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. §

1334(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11,

or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  A district court may refer

its *bankruptcy* jurisdiction, *i.e.*, its jurisdiction under 28 U.S.C. § 1334(a) and (b), to the

bankruptcy judges in its district, 28 U.S.C. § 157(a), and the United States District Court for the

Southern District of New York has referred its *bankruptcy* jurisdiction to this Court pursuant to

its Amended Standing Order of Reference, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012).

Supplemental jurisdiction, on the other hand, is based on a different statute, and it seems that

"the district court could no more refer its supplemental jurisdiction than it could refer its

copyright, criminal or diversity jurisdiction." *Masterwear Corp. v. Rubin Baum Levin Constant

& Friedman (In re Masterwear Corp.)*, 241 B.R. 511, 517 n.6 (Bankr. S.D.N.Y. 1999).  If the

Court were asked to write on a clean slate it would conclude that it lacks supplemental

jurisdiction for the reasons expressed by the Fifth Circuit Court of Appeals in *Walker*.

As noted above, however, the Second Circuit Court of Appeals has ruled that a

bankruptcy court may acquire jurisdiction over a dispute between third parties under the

10

principles of supplemental jurisdiction.  *Lionel*, 29 F.3d at 92.[6]  Under the circumstances, the

Court is constrained to conclude it may exercise supplemental jurisdiction over the cross-claims

asserted by PHH against the Yuens because they are so related to the Trustee's core claim

against PHH (and the Yuens) "that they form part of the same case or controversy under Article

III of the United States Constitution."  28 U.S.C. § 1367(a).

This does not, however, end the inquiry.  A court may decline to exercise its

supplemental jurisdiction as a matter of discretion:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Court declines to exercise its supplemental jurisdiction over the PHH cross-claims

because they raise complex and undecided issues under New York law.  *See* 28 U.S.C. §

1367(c)(1).  While at least one commentator has concluded that a fraudulent transferee's right to

contribution or indemnity under New York law is doubtful, *see* Edward M. Fox & James

Gadsden, *Rights of Indemnification and Contribution Among Persons Liable for Fraudulent*

---

[6]   In *Lionel*, the debtor hired a contractor to work on premises that it leased.  After the debtor failed to pay for the construction work, the contractor filed a mechanic's lien against the landlord's property.  The debtor and the landlord commenced an adversary proceeding that, among other things, sought an order declaring the mechanics' lien invalid.  *Lionel*, 29 F.3d at 90.  The landlord also asserted a lease-based claim against the debtor arising from its failure to discharge the lien.  *Id*. at 92.

The *Lionel* Court ruled that the bankruptcy court had core jurisdiction over the landlord's claim against the debtor, and it had supplemental jurisdiction over the landlord's claim against the contractor.  *Id.*

11

*Conveyances*, 23 SETON HALL L. REV. 1600, 1605-11 (1993), neither party has been able to

locate any direct authority settling the question.[7]  Furthermore, aside from contribution and

indemnity, PHH might have the right to enforce the Yuens' original obligation to the extent PHH

was compelled to pay the Trustee.  The payment to PHH by Dreier LLP was done at the

direction of the Yuens.  PHH had no contractual right to receive any payment from Dreier LLP

or MSD because PHH was not a party to the *Contract*.  Instead, PHH had the contractual right to

receive payment from the Yuens pursuant to the Note.

   The *Contract* nevertheless gave the Yuens the right to re-direct the sales proceeds, stating

that at the closing, "[a]ll checks in payment of the balance of the Purchase Price shall be payable

to the order of the Seller . . . ."  (*Contract* at ¶ 3(b).)  The Yuens allocated part of their sales

proceeds to PHH.  The payment to PHH satisfied the Yuens' Note and Mortgage, but because of

the source of those proceeds, PHH may have to return the payments.

   This result raises a question that New York law does not appear to answer:  where an

obligor uses fraudulently transferred funds to satisfy its own obligation, and its obligee must

thereafter restore the transferred funds to the transferor's trustee, is the obligor's debt reinstated?

In other words, does New York law recognize a right similar to Bankruptcy Code § 502(h) in this

situation, and restore the *status quo* and permit the obligee (PHH) to recover from its obligor (the

Yuens) under the original obligation?  Section 502(h) is based on the principle of fraudulent

conveyance law, discussed earlier, that the return of a fraudulent transfer restores the parties *to*

---

[7]     PHH bases much of its indemnification argument on the principle of unjust enrichment.  However, the
rights of PHH and the Yuens, *inter se*, are governed by the Note and Mortgage.  The quasi-contractual remedy of
unjust enrichment does not apply where the parties' rights are governed by contract.  *Clark-Fitzpatrick, Inc. v. Long
Island RR. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987) ("The existence of a valid and enforceable written contract
governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the
same subject matter.").  PHH has not claimed that the Yuens are contractually obligated to provide indemnification.

*the transfer* to the *status quo*.  The Yuens were not parties to any fraudulent transfer between

Dreier LLP and PHH, but the same principle of restoration may apply to PHH's claim against the

Yuens.

The Court has not been able to locate any relevant authorities under New York law.

Given the unsettled nature of New York law on this point, the Court concludes in its discretion

that it should not exercise supplemental jurisdiction over this question, and instead, allow the

New York state courts to pass upon it in the first instance.  In summary, the Court concludes that

it lacks "related to" jurisdiction over the *Cross-Claims*, possesses supplemental jurisdiction over

the *Cross-Claims*, but declines in its discretion to exercise its supplemental jurisdiction and

dismisses the *Cross-Claims*.  Submit order.

Dated:  New York, New York
        October 12, 2012

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge